829 F.2d 1120
 1988 A.M.C. 347
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MU, INC., Plaintiff-Appellant,
v.
PUERTO RICO MARITIME SHIPPING AUTHORITY, Defendant-Appellee,
M/V Puerto Rico, Her Engines, Tackle, Boilers, and
Appurtenances, Defendant.
 No. 87-1587.
 United States Court of Appeals, Fourth Circuit.
 Argued July 28, 1987.
Decided Sept. 14, 1987.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey II, Chief Judge. (CA-84-4243-H).
 Barrett W. Freedlander (Donald A. Krach; Niles, Barton & Wilmer, on brief), for appellant.
 Peter Joseph McNamara (John H. West, III; Ober, Kaler, Grimes & Shriver, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 On February 2, 1984, Mu, Inc. delivered two pieces of road machinery equipment, known as concrete runway groovers, and a carton of spare parts to Puerto Rico Marine Management, Inc., agent for Puerto Rico Maritime Shipping Authority ("PRMSA"), to be shipped aboard the M/V Puerto Rico from Charleston, South Carolina to San Juan, Puerto Rico. The vessel arrived at San Juan on February 10, 1984 and the defendant, PRMSA, ignoring instructions from Mu who had asked to be notified so it could oversee unloading, moved the groovers from the vessel. As a result of improper handling, the groovers were extensively damaged and Mu filed suit for $50,000.
 
 
 2
 PRMSA raised the affirmative defense of the Carriage of Goods by Sea Act (COGSA) $500 per package limitation of liability and filed a motion for partial summary judgment to limit its liability to $1,000. The district court initially denied the motion based upon this court's 2-1 panel decision in Cincinnati Milacron, Ltd. v. M/V American Legend, 784 F.2d 1161 (4th Cir. 1986) on August 13, 1986. On November 6, 1986 this court reheard the case en banc and reached a result contrary to that of the panel in Cincinnati Milacron. PRMSA then moved for reconsideration of its motion for partial summary judgment. On February 17, 1987, the district court granted partial summary judgment based upon the $500 per package limitation of liability. Mu's motion to alter or amend the judgment was denied and the district court entered judgment against PRMSA in the amount of $1,000, plus costs, on March 2, 1987. Mu appeals from the judgment of the district court.
 
 
 3
 On January 31, 1984, Alexander International, Inc. ("Alexander"), a professional freight forwarder acting as Mu's agent, arranged for the shipment of the two groovers and carton of spare parts. The cargo was carried pursuant to the PRMSA short form bill of lading which was prepared by Alexander. The short form bill of lading provided for the incorporation of PRMSA's long form bill of lading and public tariff and the applicability of COGSA which otherwise would not have applied to the Charleston to Puerto Rico run. On the reverse side of the bill of lading under the heading "INSURANCE", the bill of lading stated that "[f]ailure to indicate the type of coverage and/or to declare the value will result in non-insurance."
 
 
 4
 The pertinent provisions of PRMSA's long form bill of lading are Paragraphs 1, 2, and 22. Paragraph 1 states that the bill of lading was in effect at all times material herein, and that PRMSA could rely upon the rights and limitations in COGSA, even if the carriage was "between ports of the United States." Paragraph 2 defines the word "package" as including "any container, vehicle, animal, pieces and all articles except goods shipped in bulk." There is no doubt that under the above definition of package each of the groovers would constitute identifiable separate packages. Paragraph 22 restates the $500 per package limitation of liability contained in Sec. 1304(5) of COGSA and the "package" definition quoted above.
 
 
 5
 In Commonwealth Petrochemicals, Inc. v. SS PUERTO RICO, 607 F.2d 322 (4th Cir. 1979), this court held that: (1) a shipment between the United States and Puerto Rico is not a COGSA shipment; and (2) "when COGSA does not apply of its own force but is incorporated into a maritime contract by reference ... effect should be given to the parties' definition of package even if that definition is contrary to that which would control if COGSA were directly applicable." Id. at 325.
 
 
 6
 In Cincinnati Milacron, Ltd. v. M/V American Legend, 804 F.2d 837 (4th Cir. 1986) (en banc ), the court considered a COGSA case where an ocean carrier's short form bill of lading, containing no specific reference to the COGSA limited liability under 46 U.S.C. Sec. 1304(5), provided for the incorporation of a long form's terms. Reaching a result contrary to that of the panel the en banc court affirmed the district court for the reasons stated in Judge Phillips' dissent to the superseded panel decision. See Cincinnati Milacron, Ltd. v. M/V American Legend, 784 F.2d 1161, 1166 (4th Cir. 1986) (dissenting opinion) . Thus, the court held that the shipper was afforded a fair opportunity to declare a higher value and avoid a $500 package limit where the long form contained a recitation of the COGSA limitation of liability provisions. Id.
 
 
 7
 Mu contends that the instant case falls between the cracks of Cincinnati Milacron and Commonwealth Petrochemicals. The plaintiff argues that, where COGSA does not apply by its own force, incorporation by reference of the terms and conditions of a long form bill of lading, including a definition of package which is inconsistent with the judicially established definition of package under COGSA, into a short form bill of lading should not result in a limitation of liability, unless the short form contains a recitation of the limitation of liability provisions. We disagree.
 
 
 8
 In Cincinnati Milacron Judge Phillips stated that "[c]arriers customarily utilize short form bills of lading as convenient working documents, while reserving for the more cumbersome long forms most of the substantial terms of the agreement. See Commonwealth Petrochemicals, Inc. v. S/S PUERTO RICO, 607 F.2d 322, 327 (4th Cir. 1979)." Cincinnati Milacron, 784 F.2d at 1166. Judge Phillips' reference to Commonwealth Petrochemicals indicates that he expected Cincinnati Milacron to apply to all cases in which a short form bill of lading incorporates COGSA by reference. Such wide application of the rule is further supported by Judge Phillips' concluding statement that "it does not seem unduly burdensome to impute to shippers knowledge of all of the terms in the more accessible long form bill of lading including, where they appear, the applicable provisions of COGSA." Id. Thus, there is no basis for a distinction between cases where COGSA would apply ex proprio vigore and where it would not so apply.
 
 
 9
 Here the long form bill of lading included the COGSA Sec. 1304(5) limitation of liability provision and a definition of package which covered the groovers. PRMSA had thus established a prima facie case that Mu was provided with notice of the $500 per groover limitation of liability and a "fair opportunity" to declare a higher value for the goods shipped. Cincinnati Milacron, 784 F.2d at 1166. Mu, in an attempt to rebut the prima facie showing, contends that it was not afforded a fair opportunity to declare a higher value in order to avoid the package limitation. PRMSA's tariff specifically provides, however, that Mu could have paid 2% of the declared value of the groovers in order to avoid the $500 limitation. Thus, Mu's argument that there was no precisely defined rate that applied to declared value was erroneous. Furthermore the reverse side of the short form bill of lading states that insurance was available and that failure to declare value would result in non-insurance. Clearly, Mu was on notice that PRMSA's liability would be limited if Mu failed to declare a higher value. Finally, Mu has failed to provide any evidence that it would have declared a higher value and paid a higher rate. In sum, Mu has failed to meet its burden to rebut PRMSA's prima facie showing of the existence of a "fair opportunity" to declare excess value.
 
 
 10
 The judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.